LOUIS BOSELI, TRUSTEE, *vs.* CHARLES M. DORAN.

New Haven & Fairfield Cos., April T., 1892. ANDREWS, C. J., CARPEN-
TER, SEYMOUR, TORRANCE and FENN, Js.

The insolvency act provides (Gen. Statutes, § 524,) that where attachments
or levies of execution on the property of a debtor are set aside by in-
solvency proceedings taken against him within sixty days, the property
"shall be delivered to the trustee in insolvency." Personal property
was so attached and insolvency proceedings taken within sixty days
thereafter, but the officer afterwards sold the property on execution
and paid the proceeds to the attaching creditor. In a suit brought by
the trustee against the officer for damages, it was held that the burden
was on the officer to show that he had no knowledge of the insolvent
proceedings and not on the trustee to show that he had such knowl-
edge.

And held that the fact that the trustee had alleged such knowledge in his
complaint did not relieve the officer from the burden of proving that
he had no such knowledge.

The officer's return of his proceedings in the suit on which the property
was attached, was admissible against him as proof that he did so at-
tach the property. It made no difference that the suit was between
other parties.

[Argued April 21st—decided September 12th, 1892.]

ACTION, by the plaintiff as trustee in insolvency of the
estate of one Perringotti, to recover damages for the neglect
of the defendant to deliver to him property of the debtor
which had been attached by the defendant as an officer,
upon the setting aside of the attachment by insolvency pro-
ceedings taken within sixty days thereafter; brought to the
Court of Common Pleas in Fairfield County, and tried to
the jury before *Perry, J.* Verdict for the plaintiff and ap-
peal by the defendant for errors in the rulings and charge
of the court.

*A. T. Bates,* with whom was *D. B. Lockwood,* for the ap-
pellant.

*J. E. Walsh,* for the appellee.

SEYMOUR, J.   This is an action by the trustee of the in-
solvent estate of one Joseph Perringotti.   The complaint
alleges that on January 12th, 1891, Perringotti was the
owner of certain personal property which the defendant, on
that day, forcibly took out of his possession by a writ of
attachment returnable before the Court of Common Pleas
of Fairfield County on the 1st Monday of February, 1891;
that on the 21st day of said January Perringotti made an as-
signment in insolvency, naming the plaintiff as his assignee,
who was, on the 27th of January duly confirmed as such; that
thereafter the plaintiff made demand of the defendant for said
property and informed him of the fact that Perringotti had
made said assignment in insolvency; that subsequently the
defendant sold said property at public auction, but never
accounted to the plaintiff for the avails of the sale, nor paid
him anything for the same so converted by him; and de-
manding two hundred dollars damages.

The defendant's answer denied all the allegations of the
complaint except those relating to the insolvency proceed-
ings, which were admitted.

On the trial the claim of the plaintiff was that the de-
fendant took possession of and sold the personal property
in question by virtue of a writ of attachment in favor of
one Casazza against said Perringotti, placed in his hands as
a deputy sheriff to serve, and by virtue of an execution
issued in the case, which sale was made subsequent to the
assignment in insolvency and appointment of the plaintiff as
assignee.

For the purpose of proving the allegations of the com-
plaint, that the defendant forcibly took the property out of
Perringotti's possession by a writ of attachment, dated and
returnable as in the complaint stated, the plaintiff offered
in evidence the original complaint and execution in the suit
of Casazza against Perringotti, the returns upon which,
signed by the defendant as deputy sheriff, showed that he
had attached and subsequently sold at the dates mentioned
in the complaint, the property as the property of Perrin-
gotti, and paid the proceeds to Casazza.   To the admis-

sion of this evidence the defendant objected, on the ground that he "acted as an officer in said proceedings and in no wise as a party, and that said returns were irrelevant and incompetent, being matters between other parties." The court overruled the objection, and the defendant excepted.

It is urged before us that the court erred in overruling the objection, because neither in the complaint nor answer is there any reference to the defendant in any official capacity, and the defendant was neither party nor privy to the complaint or execution in the case of Casazza against Perringotti.

Neither reason seems convincing. The return of the defendant as deputy sheriff certainly tended to prove the allegations of the complaint, that the defendant took, by writ of attachment, and sold at public auction, the property in question. Nor is it any objection to such evidence that the defendant was not a party to the suit upon which the returns were made. It was not attempted to bind him as a party by any judgment, but only to prove by his own return that he took the property out of the possession of Perringotti by a writ of attachment, as alleged in the complaint. If it was any excuse that he did it as a deputy sheriff the defendant could have so pleaded, but that was not the point of the case. The theory of the plaintiff was that he attached it as a deputy sheriff, and ought to have delivered it over to the assignee, and, because he did not, damages are claimed.

The defendant also claimed and offered evidence to prove that the property in question had been sold by Perringotti, before the attachment, to one Carara, who had paid for it and taken possession of it, and had instituted replevin proceedings against the defendant for it, which proceedings ante-dated the assignment in insolvency, and were not returned to court; that no demand was made upon the defendant in behalf of the plaintiff until after the sale on execution; that the plaintiff was cognizant of the sale to Carara, and did not inventory the property, and had told

the defendant after the execution sale that the property belonged, in his opinion, to Carara.

After the introduction of this evidence the defendant offered the complaint in the replevin suit above referred to, dated January 13th, 1891, in which the plaintiff had given the statutory bond as surety for Carara, claiming that it was admissible " as tending to prove that no claim was made for this property at the time by Boseli; that he gave bond as surety; that he knew the title was in Carara; and that a claim was made by Carara for it on the defendant before this suit was brought." This evidence upon objection by the plaintiff was excluded, the plaintiff having conceded that such a suit was instituted, and that he had given bonds as claimed. The defendant excepted.

The plaintiff in rebuttal introduced evidence tending to prove, and claimed to have proved, that the sale to Carara was merely colorable and not attended by any change of possession or use whatever, and that the demand was in fact made upon the defendant before the execution sale.

The defendant claimed as matter of law, and requested the court to charge the jury :—

1. That the assignment being within the knowledge of the plaintiff, it was his duty to give the defendant notice thereof and to demand the property of him.

2. That it was the defendant's duty as an officer to hold the property so attached till the same was disposed of or sold under execution in the Casazza suit, or otherwise legally taken from him.

3. That the plaintiff must show by a fair preponderance of evidence that the defendant had knowledge of the assignment in insolvency, and that he had given him notice thereof as alleged in his complaint, and had made demand for the property before the sale thereof.

The court charged the jury (so far as the charge is pertinent to the questions raised by the appeal) as follows :— " In this case the burden rests upon the plaintiff to prove, by a fair preponderance of evidence, that the allegations of his complaint are true, and first, that Perringotti was, at the

date of his assignment, the owner of the articles in question. It is conceded that he was so the owner unless the claimed sale to Carara is valid against this plaintiff. If you find upon the evidence that the sale in question was merely colorable and not made in good faith, or was not accompanied or followed by any change of possession or use, then you will find that issue for the plaintiff; if you find that it was made in good faith and was accompanied and followed by an actual change of possession, then you will find that issue for the defendant; for the law is so that if a man sells personal property like this, and continues to possess and use it as before, so that there are none of the usual indicia of a change of ownership apparent, his creditors may treat it as if never sold, and this right enures to his assignee in insolvency. Now, under our statutes, it is the duty of an officer to deliver property of an assigning debtor which has been attached by him to the trustee in insolvency, and, if you find that the property in question was the property of the assigning debtor within the instructions which I have given you, it became the duty of the defendant to deliver it to the trustee immediately upon his appointment and qualification, and, if knowing of such assignment and of the appointment of the trustee, he did not so deliver the property, but sold the same afterwards under the execution, and paid the proceeds over to the creditor, then I think the plaintiff must prevail in this action. But if he had no knowledge of the assignment or of the appointment of the trustee until after he had sold the property under the execution, and in good faith paid the avails to the judgment creditor, and no notice had been given to and no demand had been made upon him before this last mentioned act, then I do not think the plaintiff can recover upon the allegations of this complaint and the conceded facts in the case. If the defendant is to prevail, however, because he had no knowledge of the assignment, I think the burden of proving this lack of knowledge rests upon him."

The second reason of appeal assigned is that the court refused to receive in evidence the complaint in the replevin

suit of *Carara* v. *Doran*, which was offered as tending. to prove that no claim was made for the property at the time, by the present plaintiff, Boseli; that he gave bonds as surety; that he knew the title was in Carara; and that a claim was made by Carara for it before this suit was brought.

The finding shows that the plaintiff admitted that suit was instituted and that he had given bonds as claimed. The complaint, if admitted, could add nothing to this admission. The inferences to be drawn from the facts appearing in the complaint were equally to be drawn from the admission. All that the complaint would show was admitted, and it could not prejudice the defendant that after the plaintiff's concession the court declined to take further time in permitting the defendant to prove what was admitted.

The next grounds assigned for appeal are the refusal to charge the jury " that the assignment, being within the knowledge of the plaintiff, it was his duty to give the defendant notice thereof and to demand the property of him," and " that it was the defendant's duty as an officer to hold the property, so attached, until the same was disposed of or sold under execution in the Casazza suit, or otherwise legally taken from him." It cannot be claimed that, in order to have made it the duty of the defendant to deliver the property, it was essential for the plaintiff to have given notice of the assignment and make a demand, provided the defendant had knowledge of the facts which the notice would have given him. Nor was it the duty of the defendant, as an officer, to hold property attached within sixty days before proceedings in insolvency, until legally taken from him. The statute requires him to deliver it to the trustee. Gen. Statutes, § 524. The charge was as favorable to the defendant in these particulars as he could properly require.

The defendant next requested the court to charge " that the plaintiff must show, by a fair preponderance of evidence, that the defendant had knowledge of the assignment in insolvency, and that he had given him notice thereof as alleged in his complaint, and had made demand for the property before the sale thereof." The court charged upon this point

as follows:—"If the defendant is to prevail, however, because he had no knowledge of the assignment, I think the burden of proving this lack of knowledge rests upon him." The refusal to charge as requested and the charge as given are alleged as grounds of appeal.

The difficulty, if there is any, in satisfactorily disposing of this point, lies largely in the allegations of the complaint. It alleges, after alleging the assignment in insolvency, " that on the —— day of ——, 1891 the plaintiff made demand of the defendant for the personal property, and informed him of the fact that the said Perringotti had made said assignment in insolvency." The general rule of course is, that the burden of proving a proposition at issue lies on the party holding the substantial affirmative. And it is argued that the plaintiff, having made this distinct allegation, and it being denied, is bound to prove it.

But is this necessarily so? The statute makes it the duty of an officer having property of an insolvent debtor, which is attached within sixty days before the proceedings in insolvency were commenced, to deliver it to the trustee. This is an action against the officer for failing to deliver up property so attached and held. In order to avoid judgment on the ground that he had no knowledge of the assignment nor of the appointment of a trustee until after he had sold the property under the execution and in good faith paid the avails to the judgment creditor, is it not incumbent on the officer to prove those facts? And that too notwithstanding the plaintiff avers them and fails to prove them? In other words, might not the case against the defendant be complete if the complaint had simply averred the original ownership of the property by Perringotti, that the defendant took it out of his possession by virtue of a writ of attachment, that subsequently and within sixty days Perringotti made a legal assignment in insolvency of all his property and the plaintiff was duly appointed and qualified as assignee thereof, and that the defendant, instead of delivering the attached property to the assignee, sold it at the post and delivered the proceeds to the judgment creditor in the original suit? If the

allegations that the plaintiff made demand for the property and informed him of Perringotti's insolvency had been stricken out of the complaint, would the plaintiff have necessarily failed in his case? Was the defendant entitled to a nonsuit upon his failure to prove it? Taylor on Evidence, vol. 1, p. 341, says:—" The best tests that can be devised for ascertaining on whom the burden of proof lies, are, first, to consider which party would succeed if no evidence were given on either side, and, secondly, to examine what would be the effect of striking out of the record the allegations to be proved, bearing in mind that the onus must lie on whichever party would fail if either of these steps were pursued." Now if the plaintiff had proved all the allegations of his complaint except the demand and notice, we think, in view of the statute which made it the duty of the defendant to deliver the property to him, he would still be entitled to recover, unless the defendant proved on his part such facts as prevented the statute from being operative on him, and that the onus of proving such facts was upon him.

Whether the defendant knew of the insolvency proceedings or not is a matter peculiarly within his own knowledge. In view of the publicity of such proceedings, and the duty which the statute imposed upon him in consequence of them, he may fairly be taken to have had the necessary notice to enable him to discharge his duty, unless he proves to the contrary; and this would seem to be the safer rule to adopt in such a case. While the pleader ought to be tied up to a reasonable rule of strictness as to proving allegations which he has deliberately made, yet, in a case like this, his use of unnecessary allegations ought not to excuse the defendant from making the necessary proof to excuse his non-compliance with the statute. We are not prepared to say that a plaintiff, by alleging in his complaint as a fact, that upon the non-existence of which the defendant's case depends, can so shift the burden of proof as to entitle the defendant to judgment upon the mere failure of the plaintiff to prove such allegations.

This disposes of all the points raised by the appeal except in reference to the instructions upon the evidence whether the sale was merely colorable or made in good faith.  The defendant complains of the judge's charge in this respect, and also because he did not charge that the claimed possession of the property by the vendor might be explained.  He has no just ground for complaint upon either point.  This court has too lately recognized anew the strict doctrine adopted in this state, to require even its restatement.  *White v. O'Brien*, 61 Conn., 34.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.